# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ELIZABETH LORENE STAMBAUGH IRREVOCABLE TRUST dated JULY 19, 2011, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-316-GKF-JFJ |
| THE NATURE CONSERVANCY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Motion for Joinder of Additional Parties [Doc. No. 28] filed by MidFirst Trust Company and James E. Weger, as co-trustees of plaintiff The Elizabeth Lorene Stambaugh Irrevocable Trust dated July 19, 2011. The Trust seeks to join Sherri Ellis, a contingent income beneficiary of the Trust, and the University of Oklahoma Foundation, Inc., the residual beneficiary of the Trust, as additional parties to this action. Defendant The Nature Conservancy opposes the proposed joinder and has responded [Doc. No. 31], and the Trust has replied [Doc. No. 32].

The Trust initiated this action by filing a Petition to Terminate or Modify a Conservation Easement in state district court. The Nature Conservancy removed the action and filed a counterclaim in which it seeks both a judicial declaration that the conservation easement is valid and enforceable, and an injunction enforcing the terms of the easement. The Trust has answered the counterclaim.

On July 31, 2018, the court held a scheduling conference and entered a scheduling order setting a date for jury trial and a number of pretrial deadlines.

The Trust does not identify in the body of its motion whether it seeks to join Ellis and the OU Foundation as plaintiffs or as defendants. However, the caption of the Trust's proposed First Amended Complaint names Ellis and the OU Foundation as defendants. [Doc. No. 28-1, p. 1]. In the Joint Status Report, the Trust states that Ellis and the OU Foundation "are technically defendants," and thus "it is possible that there is not complete diversity of citizenship." [Doc. No. 20, p. 5]. In apparent contrast to that statement, the Trust states in footnote 1 on page 2 of its proposed First Amended Complaint that this court may arrange the parties according to their sides in this dispute, and that "[t]he interests of Defendants, Sherri Ellis and the University of Oklahoma Foundation, Inc., align with the interests of Plaintiffs." [Doc. No. 28-1, p. 2 n.1]. Most recently, in its reply, the Trust requests leave to add Ellis and the OU Foundation "whether as plaintiffs or defendants." [Doc. No. 32, p. 2].

The permissive party joinder rule, Fed. R. Civ. P. 20, permits joinder of multiple plaintiffs and/or defendants as long as a two-part test for permissive joinder is satisfied. Specifically, the Rule permits joinder of multiple plaintiffs if:

> They assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> Any question of law or fact common to all plaintiffs will arise in the action.

Using nearly identical language, the Rule permits joinder of multiple defendants if:

> Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> Any question of law or fact common to all defendants will arise in the action.

Thus, there are two requirements for permissive joinder: transactional relatedness and commonality.

In both its Petition and its proposed First Amended Complaint, the Trust seeks to terminate or modify a perpetual conservation easement covering a 462-acre parcel of property. The Elizabeth Lorene Stambaugh Living Trust, dated December 29, 1988 (the "Revocable Trust") granted the conservation easement to The Nature Conservancy in July, 2008. Three years later, in July, 2011, Ms. Stambaugh revoked her Revocable Trust, executed the Irrevocable Trust, and executed a quit-claim deed transferring the fee interest in the 462-acre property to the Irrevocable Trust, subject to the conservation easement.

The co-Trustees have asserted no claims against Ms. Ellis and the OU Foundation, the beneficiaries of the Irrevocable Trust. They seek no relief from the beneficiaries. So too, The Nature Conservancy asserts no claims against, and seeks no relief from, the beneficiaries.

The Trust has not met its burden of showing that the two requirements for permissive joinder of the beneficiaries are satisfied. The central issue in this case is whether the conservation easement ought to be terminated. The beneficiaries are strangers to the conservation easement; their interest derives from the income they either receive or may receive from ranching operations on, or sale of, the real property held in the Irrevocable Trust. That real property, which the Irrevocable Trust acquired in 2011, is presently subject to the conservation easement granted in 2008. The court finds that the test of transactional relatedness is not satisfied because the beneficiaries do not assert a right to relief (nor is any right to relief asserted against them) "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" pertaining to the conservation easement. The test of commonality is not satisfied, as the questions of law and fact relating to termination of the conservation easement in this case

do not involve the beneficiaries. Though the beneficiaries would likely benefit from the additional income that will occur if the conservation easement is terminated, the relevant questions of law and fact to be addressed in this lawsuit do not involve the beneficiaries.

Alternatively, even if the Trust had met it burden, the court would not allow permissive joinder of the beneficiaries. *See* Vol. 4 *Moore's Federal Practice*, § 20.02 [2] [a] [iii] (Matthew Bender 3d ed.) (satisfaction of the permissive party joinder requirements does not automatically entitle a plaintiff to amend). First, the court is unpersuaded that joinder of the contingent income beneficiary and the residual beneficiary would serve any pragmatic concern. *See id.* at § 20.02 [1] [a] ("the permissive party joinder rule emphasizes pragmatism; joinder is based not on arcane historic formulations of legal relationships, but on common sense, fact-based considerations"). One pragmatic consideration that commonly justifies permissive joinder is that binding all interested parties by a single judgment avoids inconsistent outcomes. That consideration is not present here, as the only two parties to the conservation easement are already parties to this suit. Another pragmatic consideration is that joining all interested parties in a single proceeding may encourage a comprehensive resolution of the dispute and avoid overlapping jurisdiction. Here, however, no one suggests that the beneficiaries are involved in satellite legal actions with overlapping jurisdiction over the conservation easement. The second alternative reason for denying permissive joinder is that, in light of the Trust's argument that the beneficiaries are "technically defendants," the addition of the beneficiaries could result in unnecessary expense and delay if the Trust moved to remand on the ground that addition of the beneficiaries defeats diversity. Third, the unnecessary joinder of the two beneficiaries would likely increase the parties' litigation expenses and result in delay to the established pretrial schedule. Finally, it appears that

the co-Trustees will adequately protect the beneficiaries' indirect interest in the outcome of this dispute.

WHEREFORE, plaintiff's Motion for Joinder of Additional Parties [Doc. No. 28] is denied.

IT IS SO ORDERED this 17th day of September, 2018.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE